IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR331 |
| | ) | |
| v. | ) | |
| | ) | |
| MAURICE BUCKLEY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Filing No. 112), the motion for court to take judicial notice and request for evidentiary hearing (Filing No. 114), the government's answer to the § 2255 motion (Filing No. 115), the government brief in support of its answer (Filing No. 116), index in support of government's answer to defendant's motion (Filing No. 117), and the reply of defendant to the government's answer (Filing No. 118).  The Court has reviewed each of the motions and briefs, as well as portions of the transcript of the trial and finds the motion of the defendant to vacate, set aside or correct his sentence and his request for evidentiary hearing should be denied.

## BACKGROUND

On August 11, 2006, a jury found defendant Maurice Buckley guilty of conspiracy to distribute or possess with intent to distribute fifty grams or more of a substance containing

cocaine base and not guilty of distribution of cocaine base as charged in Count II of the superseding indictment (Filing No. 58).  Buckley was sentenced to 240 months imprisonment and supervised release following the imprisonment for a term of ten years (Filing No. 73).  His conviction and sentence were affirmed on appeal (Filing No. 101).

### DISCUSSION

Defendant asserts three grounds for his § 2255 motion: (1) his trial counsel was ineffective in failing to challenge the District of Nebraska's jury selection plan, (2) his trial counsel was ineffective in failing to investigate and interview witnesses, and (3) his trial counsel was ineffective in failing to challenge the indictment because it did not name known co-conspirators.  Defendant's request for an evidentiary hearing on these claims will be denied because his § 2255 motion can be dismissed without a hearing.[1]

". . . [P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was

---

[1] "A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005)(quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

-2-

deficient but also that such deficient performance prejudiced his defense." *Williams v. United States*, 452 F.3d 1009, 1012 (8th Cir. 2006)(quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001)). To establish deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 1013. To establish prejudice, the defendant must show "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Anderson v. United States*, 393 F.3d 749, 753-54 (8th Cir. 2005). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). The Court does not need to address the reasonableness of the attorney's behavior if it finds the defendant has failed to establish prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**1. Jury Selection Plan**

Defendant claims his counsel was ineffective in failing to challenge the District of Nebraska's jury selection plan on the grounds that it violates the Sixth Amendment's fair cross section requirement and the Jury Selection Act, 28 U.S.C. §§ 1861, et seq. Specifically, defendant claims the district's jury selection method results in the systematic exclusion of all

African Americans from the jury pool and permits the summoning of jurors who reside outside the area in which the court convenes. Both claims are without merit.

First, the district's method of selecting jurors does not violate defendant's Sixth Amendment rights. Under the district's jury selection plan, the names of prospective grand and petit jurors are randomly drawn from voter registration and licensed motor vehicle operators lists. Modified Plan for Random Jury Selection for the United States District Court, District of Nebraska, ¶¶ 5, 6. This method has been approved by the Eighth Circuit Judicial Conference, and the Eighth Circuit Court of Appeals has previously upheld the use of voter and motor vehicle registration lists in selecting jurors against similar Sixth Amendment challenges. *See United States v. Johnson*, 169 F.3d 1092, 1096 (8th Cir. 1999)(rejecting Sixth Amendment challenge to the District of Nebraska's previous jury selection method of selecting jurors exclusively from voter registration lists); *United States v. Warren*, 16 F.3d 247, 251-52 (8th Cir. 1994) (rejecting Sixth Amendment challenge to the District of Minnesota's jury selection method of selecting jurors from voter registration, driver's license, and state identification card lists). The defendant has not alleged that African Americans face unique obstacles in voter and/or motor vehicle registration or any factual allegations that the district's selection method

is administered in a discriminatory manner.  Defendant's conclusory allegations are insufficient to establish a Sixth Amendment violation.

Further, there is no merit to defendant's claim that prospective jurors are selected from outside the district in which the Court convenes.  The defendant relies on statements made during voir dire which he has taken out of context.  The prospective juror was referring to a county where he used to live, not where he presently resides.  A review of the Court's records reveals the prospective juror resided in Omaha at the time he was summoned for jury duty.  The Court's records further confirm that all of the prospective jurors resided in the appropriate area.

Defendant's claims that this district's jury selection method violates the Sixth Amendment and Jury Selection Act are without merit and will be denied.

**2. Investigation and Interviewing of Witnesses**

Defendant claims his counsel was ineffective in failing to interview and investigate Maurice Buckley, Sr., and Donald Bryant and failing to investigate and call Sentwali Buckley as a witness at trial.  Defendant has not proven an ineffective assistance of counsel claim with regard to any of these three individuals.

With regard to Maurice Buckley, Sr., defendant has not demonstrated either prong of an ineffective assistance of counsel claim.  It is evident from Maurice Buckley, Sr.'s affidavit that defendant's counsel spoke with him prior to trial, and, as the transcript (Filing No. 90, pp. 495, et seq.) reflects, Maurice Buckley, Sr., testified at trial on the defendant's behalf.  To the extent defendant's claim is based on his counsel's failure to further investigate individuals, other than Donald Bryant or Sentwali Buckley, that Maurice Buckley, Sr., identified in his affidavit, his claim fails because the defendant has not shown what the testimony of these other individuals would have been.  In addition, the affidavit of Steven Lefler (defendant's counsel) states that "Every name given to [him] by defendant or his family that could be called to testify as a witness, [was] interviewed either in person or on the telephone."  (Filing No. 117-2).

With regard to Sentwali Buckley and Donald Bryant, defendant has not shown that he was prejudiced by his counsel's alleged failure to interview and call these individuals as witnesses.  According to Sentwali Buckley's and Donald Bryant's affidavits, Sentwali Buckley (the defendant's brother) would have testified that he "also" drove the defendant's car, had been arrested for drug violations, and sold drugs to Anthony Long, Victor Henderson, Kevin Spellman, and Victor Jackson "during [his] days of selling drugs," and Donald Bryant would have

testified that he witnessed Sentwali Buckley drive a black Buick and that the defendant did not live in Omaha at the time of the offense but Sentwali Buckley did (Filing No. 112, Ex. E, G). When considering the totality of the evidence presented at trial, the Court does not find that there is a reasonable probability that the outcome of defendant's trial would have been different had these witnesses testified at trial.[2]

At trial, Byron Jackson, Kevin Spellman, Anthony Long, Victor Jackson, and Victor Henderson testified that they conducted controlled substance transactions with the defendant. Byron Jackson, Anthony Long, and Victor Jackson identified the defendant in court as the individual they received drugs from, and Victor Henderson testified that he specifically knew "Maurice Buckley" and that was the individual he received drugs from. In addition, Sentwali Buckley's admission that he sold drugs to the co-conspirators was unlikely to impeach the co-conspirators' testimony in light of the fact that Anthony Long testified that he bought drugs from both the defendant and the defendant's

---

[2] The defendant did call seven witnesses during his case in chief.

brother "Sin."[3]  In light of the totality of the evidence, there is not a reasonable probability that but for counsel's alleged failure to interview and call Sentwali Buckley or Donald Bryant as witnesses, that the result of the defendant's trial would have been different.  Defendant's ineffective assistance of counsel claim on this ground will be denied.

**3. Indictment**

Defendant claims his counsel was ineffective in failing to challenge the indictment on the grounds that it did not state the names of known co-conspirators, and his counsel was ineffective in failing to request a bill of particulars to obtain the names of known co-conspirators.

It is not necessary to identity known co-conspirators in the indictment.  *United States v. Lopez*, 6 F.3d 1281, 1288 (7th Cir. 1993); *see United States v. Oseby*, 148 F.3d 1016, 1023-24 (8th Cir. 1998).  Thus, any challenge to the indictment on this ground would have been overruled.  In addition, the government provided defense counsel with the names of the known co-conspirators well in advance of trial (Filing No. 117-2), and

---

[3] It is noteworthy that according to defense counsel's affidavit, he was aware of the fact prior to trial that Sentwali Buckley was selling drugs and that it was the defendant's position that perhaps it was Sentwali Buckley that was the Buckley selling drugs, but counsel was informed by either Sentwali Buckley's attorney or Maurice Buckley, Sr., that Sentwali Buckley would never go to Court to say he was the Buckley selling drugs (Filing No. 117-2).

-8-

therefore, the defendant has not demonstrated that he suffered any prejudice from his counsel's failure to move for a bill of particulars.  Defendant's ineffective assistance of counsel claim on these grounds will be denied.

## CONCLUSION

Based on the foregoing, the defendant's § 2255 motion and request for an evidentiary hearing will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of July, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court