IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )      8:04CR331
                               )
      v.                       )
                               )
MAURICE BUCKLEY,               )      MEMORANDUM OPINION
                               )
            Defendant.         )
_____)
```

This matter is before the Court on the defendant, Maurice Buckley Jr.'s ("defendant" or "Buckley") motion for nunc pro tunc order and/or judicial recommendation requesting the United States Attorney consider agreeing to a nolle prosequi (Filing No. 139). The plaintiff, United States of America, has provided a response to defendant's motion (Filing No. 141). In addition, the Court also received a letter from one of Buckley's daughters on April 7, 2017. After review of the motion and the government's response, the Court finds that it is without authority to grant any relief sought by defendant.

18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment

(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing

> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (emphases added).

Under subsection (1)(A) of the statute quoted above, in order for a federal court to reduce a term of imprisonment due to extraordinary and compelling reasons, a motion must be made by the Director of the Bureau of Prisons. *See id.* Under subsection(1)(B), the a federal court may modify an imposed term of imprisonment in accordance with Rule 35 of the Federal Rules of Criminal Procedure. *Id.* Finally, under subsection (2), a federal court may reduce a term of imprisonment if it is determined that the defendant was sentenced based on a subsequently lowered sentencing range. *Id.*

None of the aforementioned methods to reduce Buckley's sentence are applicable. Buckley's motion, liberally construed, seeks relief under § 3582(c)(1)(A)(i). However, in order for the Court to even make a determination as to whether defendant's term of imprisonment ought to be modified, the Court would need a

motion from the Director of the Bureau of Prisons.  *See id.* After receiving and reviewing such a motion, the Court could then, as the statute provides, consider the § 3553(a) factors and determine whether the "extraordinary and compelling reasons warrant" detailed in defendant's motion warrant a sentence reduction.  *See id*.  Because the Court is without a motion from the Director of the Bureau of Prisons, the Court is without jurisdiction to analyze defendant's motion.  In addition, based on defendant's motion, the Court is unaware of whether or not Buckley has petitioned the Director of the Bureau of Prisons to review his case.  The Court is without authority to provide the relief sought by defendant.

       Accordingly, defendant's motion will be denied.  A separate order will be entered herein in accordance with this memorandum opinion.

       DATED this 10th day of April, 2017.

                    BY THE COURT:

                     /s/ Lyle E. Strom
                     _____
                     LYLE E. STROM, Senior Judge
                     United States District Court